ZACHARY M. CROSNER (SBN 272295)
zach@crosnerlegal.com
JAMIE K. SERB (SBN 289601)
jamie@crosnerlegal.com
BRANDON BROUILLETTE (SBN 273156)
bbrouillette@crosnerlegal.com
KAREN L. WALLACE (SBN 272309)
karen@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff BENSON PAI

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENSON PAI, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>THE ODP CORPORATION, a Delaware Corporation; VEYER, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.: 3:23-cv-03279-EMC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Recovery of Unpaid Minimum Wages and Liquidated Damages**<br>2.  **Recovery of Unpaid Overtime Wages**<br>3.  **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br>4.  **Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br>5.  **Violations of Labor Code Section 226**<br>6.  **Failure to Timely Pay All Wages Due Upon Separation of Employment** *and*<br>7.  **Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed:  May 26, 2023<br>Removed:       June 30, 2023<br>Trial date:      None set |

Plaintiff, BENSON PAI, ("PLAINTIFF"), as an individual and on behalf of all other similarly situated Class Members (as defined below), hereby files this Complaint against Defendants THE ODP CORPORATION, a Delaware Corporation; VEYER, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

**JURISDICTION AND VENUE**

1.      This court possesses original subject matter jurisdiction over this matter. Venue is proper in this district because DEFENDANTS transact business within this judicial district, DEFENDANTS employed PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by PLAINTIFF herein occurred in this this judicial district. 12 U.S.C. § 5564(f).

**INTRADISTRICT ASSIGNMENT**

2.      Under the Local Rules for the United States District Court for the Northern District of California, this action, which arose in the county of Alameda, shall be assigned to the San Francisco Division or the Oakland Division. Civil L.R. 3-2(d)

**THE PARTIES**

3.      PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California.

4.      PLAINTIFF is a former employee of DEFENDANTS. PLAINTIFF worked for DEFENDANTS as a non-exempt employee with a job title of warehouse associate and/or similar title(s) and/or position(s) from in or around January 2021 through in or around July 31, 2022. PLAINTIFF worked for DEFENDANTS at DEFENDANTS' Fremont, California location(s). PLAINTIFF regularly worked at least eight (8) to twelve (12) hours per day, at least five (5) days per week.

5.      DEFENDANTS are either a Delaware corporation and/or a Delaware limited liability company that, at all relevant times, were authorized to do business within the State of California and are doing business in the State of California.

6.      DEFENDANTS own, operate, manage and/or staff its employees to work at

2

warehouses, facilities and/or distribution centers and/or other location(s) in California, warehouses, facilities and/or distribution centers located in, among other places, Fremont California. DEFENDANTS, through its various warehouses, facilities and/or distribution centers and/or other locations serve the manufacturing and/or logistics industry.

7.    The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

8.    PLAINTIFF is further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **JOINT LIABILITY**

9.    Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services

are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer.  See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

10.     During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class Members to work for them.

11.     PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources.  As a result, DEFENDANTS utilized the same unlawful policies and practices across all of their locations/facilities and subjected all of the Class Members to these same policies and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is informed and believes that: (1) there is common ownership in, and financial control, in DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control over the day-to-day operations and employment matters, including the power to hire and fire, set schedules, issue employee policies, and determine rates of compensation across its locations in California; (3) DEFENDANTS utilize the same policies and procedures for all California employees, including issuing the same employee handbooks and other form agreements; (4)

DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee employment matters; and, (6) DEFENDANTS share employees.

12.    PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members. For example, DEFENDANTS' wage statements issued to PLAINTIFF identify both "The ODP Corporation" and "Veyer, LLC" as PLAINTIFF's employer. Also, on information and belief, DEFENDANTS, and each of them, maintain the same principal place of business and agent for service of process as provided to the California Secretary of State and utilize some of the same attorneys and human resources personnel to oversee employment-related matters.

13.    Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, reimbursement of business expenses and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members' employment with or without cause. Upon information and belief, DEFENDANTS further collectively represented to PLAINTIFF and Class Members in writing the details of their compensation, and the manner in which they were to take meal and rest periods, the procedures required by DEFENDANTS collectively for recordation of hours worked and the policies applicable to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage rates of PLAINTIFF and Class Members.

14.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours

and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively held the right to control virtually every aspect of PLAINTIFF's and the Class Members' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seeks relief in this Complaint.

15.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other Class Members.

## CLASS ALLEGATIONS

16.    PLAINTIFF brings this action on behalf of PLAINTIFF and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382 and Rule 23(b)(3) of the Federal Rules of Civil Procedure. The class PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

> All current and former non-exempt employees that worked either directly or via a staffing agency for any one or more of the DEFENDANTS at any location in California at any time within the four years prior to the filing of the initial Complaint ("Class Period").

a. <u>Numerosity.</u> While the exact number of Class Members is unknown to PLAINTIFF at this time, the Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. PLAINTIFF is informed and believes the Class consists of at least 100 individuals.

b. <u>Common Questions of Law and Fact.</u> This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and overtime wages, under California law; (2) whether DEFENDANTS provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANTS

provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including the total hours worked during the pay period; (5) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq*.

c. Ascertainable Class. The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. Typicality. PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. Adequacy. PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members

of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

**FACTUAL AND LEGAL ALLEGATIONS**

17.    During the relevant period, PLAINTIFF and each of the Class Members worked for DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

18.    PLAINTIFF is a former employee of DEFENDANTS. PLAINTIFF worked for DEFENDANTS as a non-exempt employee with a job title of warehouse associate and/or similar title(s) and/or position(s) from in or around January 2021 through in or around July 31, 2022. PLAINTIFF worked for DEFENDANTS at DEFENDANTS' Fremont, California location(s). PLAINTIFF regularly worked at least eight (8) to twelve (12) hours per day, at least five (5) days per week. DEFENDANTS paid PLAINTIFF an hourly rate for time counted by DEFENDANTS as hours worked. On information and belief, at times during the relevant period, DEFENDANTS also compensated PLAINTIFF and other Class Members with non-discretionary bonuses (e.g., performance-based) and/or other non-discretionary compensation. At all relevant times,

PLAINTIFF was a non-exempt employee who was paid on an hourly basis for time counted by DEFENDANTS as hours worked.

19.    **Unpaid Minimum and Overtime Wages**. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, including by virtue of DEFENDANTS' policy of automatically deducting or rounding time punches up to thirty minutes for meal periods and failing to relieve employees of all duties/employer control during such meal periods, as explained below.

20.    On information and belief, DEFENDANTS implemented a policy and/or practice of rounding meal period punches and/or automatically deducting meal periods to show thirty unpaid minutes per shift of no more than 10 hours and/or per shift of 10 to 12 hours, despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members were subject to DEFENDANTS' control during such meal periods, thereby depriving PLAINTIFF and Class Members of all wages owed.

21.    On information and belief, Class Members were not paid for all hours worked due to DEFENDANTS' permitting and/or suffering Class Members to work off-the-clock.

22.    For example, on information and belief, upon arriving at work but prior to clocking in for the start of their shifts, PLAINTIFF and other Class Members were required to wait in line behind other employees to access DEFENDANTS' electronic timekeeping system and/or terminals and clock in for the start of their shifts, clock in or out for meal periods, and/or clock out at the end of their shifts.  This time spent under DEFENDANTS' control, including because the timekeeping system occasionally went offline and caused additional delays, was not recorded and not compensated, resulting in approximately five (5) minutes of off-the-clock work per shift per Class Member, and denied minimum wages and overtime wages owed to PLAINTIFF and other Class Members.

23.    On information and belief, Class Members were also required to perform post-shift off-the-clock work that was neither recorded nor compensated.  For example, on information and belief, when they were last to leave the premises, Class Members were required to check and lock

1  perimeter gates after clocking out.

2      24.    On information and belief, DEFENDANTS failed to pay Class Members for time

3  they were required to spend completing orientation, policy questionnaires, and/or time spent

4  completing the onboarding process including reviewing various documents and policies provided

5  by DEFEDANTS. On information and belief, this work time was completed off-the-clock and was

6  not compensated.

7      25.    DEFENDANTS' failure to pay for all time worked by virtue of its off-the-clock work

8  practices and policies resulted in the underpayment of minimum wages owed to PLAINTIFF and

9  Class Members, as well as unpaid overtime wages for those Class Members who worked more than

10  eight (8) hours in a day and/or more than forty (40) hours in a week.

11      26.    On information and belief, DEFENDANTS had actual and/or constructive

12  knowledge that its failure to provide lawful meal periods (as described below) and/or other off-the-

13  clock work resulted in the underpayment of wages owed to PLAINTIFF and other Class Members,

14  in violation of California's minimum and overtime wage laws.

15      27.    On information and belief, DEFENDANTS failed and continue to fail to pay Class

16  Members two times their regular rate of pay for time worked beyond twelve (12) hours per workday

17  and for time worked beyond eight (8) hours on the seventh consecutive day of work in a work week,

18  in violation of California's overtime laws.

19      28.    On information and belief, DEFENDANTS failed to incorporate all non-

20  discretionary remuneration, including shift differential pay, bonus pay, and/or other non-

21  discretionary pay, into the regular rate calculation for overtime rate(s), resulting in the underpayment

22  of overtime wages owed to PLAINTIFF and other Class Members.

23      29.    **Meal Period Violations**. PLAINTIFF and other Class Members consistently worked

24  shifts of at least five and one-half hours or more, entitling them to at least one meal period. However,

25  PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first

26  and second meal periods. On information and belief, Class Members were consistently unable to

27  take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late meal

28  periods, interrupted meal periods, and/or essentially on-duty meal periods due to understaffing, the

nature and constraints of their job duties, and/or pressure to keep working.

30.    For example, on information and belief, Class Members were forced to take late meal periods in order to complete assigned job duties due to chronic understaffing. On information and belief, Class Members were at times interrupted during meal periods and/or had meal periods cut short due to the need to complete job duties.

31.    On information and belief, other Class Members were consistently suffered and permitted to take meal periods past the fifth hour of work and/or had their meal periods interrupted, cut short, and/or otherwise on-duty due to understaffing, the nature and constraints of their job duties, and/or the need to meet DEFENDANTS' goals and expectations.

32.    On information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve Class Members of all duties and DEFENDANTS' control during unpaid meal periods.

33.    On information and belief, meal periods were late, in part, due to unaccounted pre-shift off-the-clock work.

34.    On information and belief, DEFENDANTS implemented a policy and/or practice of rounding time punches and/or automatically deducting a full thirty minutes per shift for short or interrupted meal periods despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive lawful meal periods.

35.    Moreover, Class Members who worked shifts of more than ten hours did not receive all second legally compliant thirty (30) minute meal periods to which they were entitled for the same reasons.

36.    On information and belief, DEFENDANTS failed to instruct PLAINTIFF and other Class Members adequately as to the timing and duty-free nature of meal periods. On further information and belief, DEFENDANTS' written meal period policy is incomplete and fails to comply with relevant law in practice. For example, DEFENDANTS' written policy does not inform Class Members that they may choose to waive their meal periods under certain circumstances if such waiver is in writing and revocable. DEFENDANTS' written policy also states that Class Members who miss a meal period will receive "one additional hour of pay" but fails to inform Class

Members that the premium payments are required for any unlawful meal period, not just missed, and misstates the rate of pay for such payments.

37. As a result of such unlawful practices, DEFENDANTS failed to keep accurate records of the true start and end times of PLAINTIFF's and Class Members' meal periods, resulting in PLAINTIFF and other Class Members not being paid for all time worked as well as late and/or shortened meal periods. *See Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

38. On information and belief, DEFENDANTS had actual and/or constructive knowledge that its policies and practices resulted in the denial of uninterrupted meal periods free of DEFENDANTS' control, in violation of California's meal period laws.

39. DEFENDANTS failed to pay PLAINTIFF and other Class Members an additional hour of wages at their respective regular rates of compensation for each workday a lawful meal period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each workday a lawful meal period was not provided or failed to pay the proper meal period premium by failing to incorporate all non-discretionary remuneration, including bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate calculation.

40. **Rest Period Violations**. DEFENDANTS did not properly authorize and provide PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4) hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the work period, as required by law.

41. PLAINTIFF and other Class Members were not adequately informed, authorized, instructed about, nor permitted an opportunity to take, all rest periods to which they are entitled under California law. On information and belief, DEFENDANTS' written rest period policy is incomplete and, at least in part, non-compliant on its face. For example, DEFENDANTS' written policy states in pertinent part that Retail Associates must clock out for their rest breaks, despite the entitlement to paid rest periods. Furthermore, DEFENDANTS' written policy fails to inform Class Members that they are entitled to a premium payment of one (1) additional hour of pay at the employee's regular rate of pay when they are denied a reasonable opportunity to take a lawful rest period.

42.    On information and belief, DEFENDANTS did not have a have a compliant rest period policy in practice.

43.    For example, on information and belief, Class Members were at times unable to take compliant rest periods due to chronic understaffing. PLAINTIFF does not recall having the opportunity to take a third rest break when he worked shifts of more than ten (10) hours.

44.    On information and belief, Class Members' rest periods were interrupted, cut short, on duty, and/or missed due to understaffing, the nature and constraints of their job duties, and/or pressure to keep working.

45.    Moreover, on information and belief, DEFENDANTS failed to provide a third rest period on shifts longer than ten (10) hours.

46.    On information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and DEFENDANTS' control during rest periods.

47.    On information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed and/or as time permitted.

48.    Furthermore, DEFENDANTS failed to pay a rest period premium for each day in which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a proper rest period was not provided and/or failed to pay the proper rest period premium by failing to incorporate all non-discretionary remuneration, including bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate calculation.

49.    **Inaccurate Wage Statements**. During the relevant period, DEFENDANTS failed to provide PLAINTIFF and other Class Members with accurate wage statements that complied with Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect

during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

50.     DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also failed to indicate the earned gross and net wages earned during the pay period, the correct applicable rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members, which results in a violation of Labor Code section 226(a).

51.     Separately, and independent of the above allegations, DEFENDANTS' wage statements fail to list the total hours worked, in violation of Labor Code section 226(a)(2).  For example, DEFENDANTS' wage statement for PLAINTIFF for pay period beginning on July 31, 2022, and ending on August 13, 2022 lists "Total Hours Worked" for PLAINTIFF as 0.00. However, the same wage statement also identifies a category for "Reg Hours" which lists 45.38 hours/units worked and lists categories for overtime hours/units worked.  Also, even if PLAINTIFF were to add up the total hours/units worked as listed on DEFENDANTS' wage statement(s), PLAINTIFF would be unable to determine his total hours worked because, for example, DEFENDANTS' wage statement(s) list two separate overtime categories resulting in a double counting and/or listing of the number of hours worked twice thus reflecting an inaccurate accounting of the total number of hours as listed on the wage statement(s), in violation of Labor Code section 226(a)(2).

52.     Also, wage statements issued by DEFENDANTS to Class Members fail to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).  For example, on information and belief, DEFENDANTS' wage statements issued to Class Members do not provide an accurate overtime rate(s) because they do not list overtime rate(s) of pay at 1.5 times the regular rate(s) of pay and instead list two separate overtime premium rates of pay.  For example, DEFENDANTS' wage statement for PLAINTIFF for pay period beginning on July 31, 2022, and ending on August 13, 2022, shows one line item for "OT Pay" and a separate line item for "OT Prem Pay." The OT Pay is the same rate of pay as Plaintiff's base rate of pay, and a separate rate is listed under the "OT Prem Pay." Nowhere on the wage statements do DEFENDANTS list the actual

14

overtime rate of pay for each hour worked. As such, DEFENDANTS' wage statements issued to Class Members failed to list the overtime hourly rate(s) in effect during the pay period and the corresponding number of hours worked at those rate(s), in violation of Labor Code section 229(a)(9). See, e.g., *McKenzie v. Fedex*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011) (finding Labor Code section 226 violation for failure to provide an accurate overtime rate because instead of multiplying the regular rate of pay by one and one-half, the pay stubs provided two overtime rate categories and with each providing corresponding rates that are either the same or half of the regular rate.).

53.    As described herein, DEFENDANTS also failed to incorporate all forms of non-discretionary compensation earned during the pay period, including non-discretionary bonus/incentive pay and/or shift differential pay and/or other non-discretionary compensation and/or multiple base rates of pay into the overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour of overtime worked by Class Members. For example, PLAINTIFF'S wage statement for the pay period April 24 through May 7, 2022, lists a shift differential of $1.50 per hour and a total hourly bonus of $444.17, in addition to "OT Pay" at PLAINTIFF'S hourly rate of $20.50, "OT Prem Pay" at an hourly rate of $10.6112, and "OT Prem Pay" at an hourly rate of $10.5742:

```
Title 100009 - Operator, Equipment - USW
For inquiries please call 1-888-954-4636
Total Hours Worked:        0.00
Basis of Pay:              Hourly
Pay Rate:                  20.50
                                   Hours/    This
Earnings          Rate     Units     Period  Year-to-Date

Holid Pay                            0.00       279.68
Meal Prem Py                         0.00        74.56
ODP-Shift Di   1.5000    41.85      62.78       717.73
OT Pay        20.5000    16.65     341.33      1996.80
OT Prem Pay   10.6112     7.51      79.69      1042.91
OT Prem Pay   10.5742     9.14      96.65
PTO Accrual                          0.00       629.28
Reg Hours     20.5000    75.30    1543.65     12816.90
SC Hrly Bon                        444.17       444.17
Sick FrntLd                          0.00       552.89
Gross Pay                         2568.27     18554.92
```

It is impossible to tell from the wage statement whether the regular rate calculation is correct for the pay period.

54.    On information and belief, wage statements issued by DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is being paid. For example, on

information and belief, DEFENDANTS issued wage statements containing a category for retroactive pay without listing the accurate inclusive dates of the pay period during which the retroactive pay was earned.

55.    On information and belief, wage statements issued by DEFENDANTS failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of including Labor Code section 226(a)(9). For example, PLAINTIFF'S wage statement for the pay period September 26 through October 9, 2021, lists a shift differential total of $107.84 but does not list the hourly rate, making it difficult from the wage statement alone to determine whether the rates of pay listed for premium payments ("Meal Prem" and "OT Prem") are calculated correctly:

```
Title 100001 - Associate, Warehouse - US
For inquiries please call 1-888-954-4636
Total Hours Worked:        85.53
Basis of Pay:              Hourly
Pay Rate:                  17.48
                              Hours/    This
Earnings          Rate       Units     Period   Year-to-Date
Meal Prem Py  18.7088        1.00       18.71       18.71
OD-Shift  Dif                          107.84      247.66
OT Pay        17.4800        5.53       96.67      236.86
OT Prem Pay    9.3882        0.64        6.01      126.76
OT Prem Pay    9.3544        4.89       45.74
Reg Hours     17.4800       80.00     1398.40     3215.97
Gross  Pay                  92.06     1673.37     3845.96
```

56.    As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that were not accurate and did not include all of the statutorily required information. As such, DEFENDANTS violated Labor Code section 226.

57.    **Failure to Timely Pay All Wages Upon Separation of Employment**.    On information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due and owing upon termination or resignation. On information and belief, DEFENDANTS untimely provide final wages to Class Members without regard to the timing requirements of Labor Code sections 201-202.

58.    Upon separation of employment, Class Members' final paychecks were not timely provided and/or were not timely provided with all owed vacation pay and/or paid time off. Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all

wages owed as they were devoid of, including all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates (including all owed vacation pay/paid time off paid at the final rate including non-discretionary compensation, including shift differentials). For example, PLAINTIFF's final paycheck did not include all wages owed, including all owed minimum wages, overtime wages, premium wages, vacation pay, all owed sick leave and/or paid time off wages at the properly accrued rates, (including all owed vacation pay/paid time off paid at the final rate including non-discretionary compensation, including shift differentials).

59.    These violations subject DEFENDANTS to civil penalties under Labor Code section 203, 210, and/or 256.

60.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices and that DEFENDANTS applied the same unlawful practices to all of its employees that it applied to PLAINTIFF.

**FIRST CAUSE OF ACTION**
**Recovery of Unpaid Minimum Wages and Liquidated Damages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

61.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

62.    It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale.

63.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

64.     DEFENDANTS violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things, DEFENDANTS' rounding time punches and/or automatically deducting full 30-minute meal periods, work completed during meal periods, and other uncompensated time spent pre-shift and/or post-shift, which resulted in the failure to account for all hours worked and thus the denial of minimum wages.

65.     DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and Class Members for all hours worked.

66.     On information and belief, DEFENDANTS had actual or constructive knowledge that its auto-deduction policies and practices for meal periods, failure to relieve employees of all duties and employer control during unpaid meal periods, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members.

67.     Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus attorney's fees and costs, in an amount to be proved at trial.

**SECOND CAUSE OF ACTION**
**Recovery of Unpaid Overtime Wages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

68.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

69.     Employees in California must be paid overtime, equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of work in a workweek, and they must be paid double the regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh consecutive day of work in a workweek, unless they are exempt.

70.     PLAINTIFF and the Class Members worked overtime hours for which they were not compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' rounding and/or automatic deduction for meal periods, work completed during meal periods, other pre-shift and/or post-shift off-the-clock work, , and/or other unlawful policies and/or practices described

above, which resulted in the failure to account for all hours worked and thus the denial of all owed minimum and overtime wages.

71.    On information and belief, DEFENDANTS failed to pay twice Class Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in violation of California's overtime laws.

72.    On information and belief, DEFENDANTS further violated California's overtime wage laws by failing to incorporate all non-discretionary compensation, including non-discretionary bonus compensation, shift differentials, and/or other non-discretionary compensation, into the calculation for the overtime rate of pay. Failing to include non-discretionary compensation resulted in a miscalculation of the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and other Class Members.

73.    DEFENDANTS' conduct described above is in violation of California Labor Code sections 510 and 1194 and all applicable Wage Orders.

74.    PLAINTIFF and the Class Members are entitled to recover all unpaid overtime wages, plus attorney's fees and costs, in an amount to be proved.

### THIRD CAUSE OF ACTION
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

75.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

76.    Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute meal break free from all duties and employer control for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be

waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so.

77.    Employers must pay employees an additional hour of wages at the employees' regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted meal period, first meal period provided after five (5) hours, second meal period provided after 10 hours). Lab. Code § 226.7.

78.    As explained above, PLAINTIFF and other Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all of their meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

79.    On information and belief, DEFENDANTS had and continue to have a policy of rounding meal period time punches and/or automatically deducting 30-minute meal periods each shift despite having actual and/or constructive knowledge that PLAINTIFF and Class Members did not receive compliant meal periods.

80.    Moreover, on information and belief, Class Members did not always receive a lawful second meal period when working shifts over ten (10) hours in a workday.

81.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had actual and/or constructive knowledge that its unlawful policies and practices resulted in the denial of compliant meal periods in violation of California's meal period laws.

82.    DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal periods in violation of California law and/or failed to pay the proper meal period premium by failing to incorporate all non-discretionary remuneration, including bonuses, shift differential pay, and/or other non-discretionary compensation, into the regular rate calculation.

83.    As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members

are entitled to one additional hour's pay at the employee's regular rate of compensation for each day a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs, all in an amount to be proved at trial.

### FOURTH CAUSE OF ACTION
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

84.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

85.     Labor Code section 226.7 and all applicable IWC Wage Orders require an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012), the California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10 hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029). The rest period requirement obligates employers to permit and authorize employees to take off-duty rest periods, meaning employers must relieve employees of all duties and relinquish control over how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

86.     If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide at least one legally required rest period, pursuant to Labor Code section 226.7.

87.     Moreover, under California law rest periods must be a "net" ten minutes in a suitable rest area. *Id.* at 268 (relying on January 3, 1986 and February 22, 2002 Division of Labor Standards Enforcement (DLSE) Letters wherein the DLSE ruled that the net ten-minute language for rest periods means ten minutes of time in a rest area and cannot include time it takes to get to and from the rest area). The employer must show that it clearly articulates the right to a net ten minutes, which means it must clearly communicate what "net" ten minutes means (i.e., regardless of what happens along the way to and from a rest area, employees are entitled to a full ten minutes of rest in

the rest area). *Id.*; see also, *Bufil v. Dollar Fin. Grp., Inc.*, (2008) 162 Cal. App. 4th 1193, 1199 (the "onus is on the employer to clearly communicate the authorization and permission [to take rest periods] to its employees.").

88.     PLAINTIFF and the Class Members did not receive legally compliant, timely 10-minute rest periods for every four (4) hours worked or major fraction thereof. As explained above, any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to DEFENDANTS' control due to the nature and constraints of Class Members' job duties, understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to skip rest periods completely or otherwise take non-compliant rest periods.

89.     On information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer control during rest periods.  On further information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

90.     As a result, PLAINTIFF and Class Members did not receive legally compliant first, second, and/or third rest periods as required by California law.

91.     Moreover, on information and belief, DEFENDANTS failed to pay a rest period premium to PLAINTIFF and other Class Members for each workday in which there was a missed or otherwise unlawful rest period. On further information and belief, when a rest premium was paid, DEFENDANTS failed to include non-discretionary compensation, including bonuses, shift differential pay, and/or other non-discretionary compensation, into the regular rate calculation.

92.     DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one hour of additional pay at the regular rate of compensation for each workday that a required rest period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at trial.

///

///

**FIFTH CAUSE OF ACTION**
**Violations of Labor Code Section 226**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

93.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

94.    Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

95.    As DEFENDANTS failed to provide PLAINTIFF and other Class Members with meal and rest periods that complied with Labor Code section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

96.    Moreover, due to violations detailed above, including DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide meal and rest break premiums, and failure to pay all sick leave wages at the proper rates, DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross and net wages earned and the correct

applicable rates of pay for all hours worked. On information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary compensation earned during the pay period into the regular rate of pay for purposes of calculating the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of overtime worked by PLAINTIFF and other Class Members.

97.     As explained above, wage statements issued by DEFENDANTS failed to list the "total hours worked" by PLAINTIFF and Class Members, which results in a violation of Labor Code section 226(a). Failure to list all hours worked on a wage statement gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v. Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

98.     On information and belief, wage statements issued by DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is being paid.

99.     DEFENDANTS' failure to accurately list all hours worked on all wage statements caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class Members over whether they received all wages owed to them.

100.     As a result, PLAINTIFF and other Class Members have suffered injury as they could not easily determine whether they received all wages owed to them and whether they were paid for all hours worked.

101.     On information and belief, wage statements issued by DEFENDANTS failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

102.     DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and Class Members with accurate, itemized wage statements.

103.     As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the

submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and Class Members are required to participate in this lawsuit and create more difficulty and expense from having to reconstruct time and pay records than if DEFENDANT had complied with its legal obligations.

104.    Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

105.    Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance with California Labor Code § 226(a).

106.    Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

### SIXTH CAUSE OF ACTION
**Failure to Timely Pay All Wages Due Upon Separation of Employment**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

107.    PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

108.    California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

109.    California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her

wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

110.    On information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

111.    Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

### SEVENTH CAUSE OF ACTION
### Unfair Competition
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

112.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

113.    DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including: DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices; DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, *inter alia*, DEFENDANTS' failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANTS' unlawful policies and practices).

114.    Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to pay all owed minimum and overtime wages and to pay all wages due upon separation of employment of their employees.

115.    As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*, PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

116.    PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class Members, enjoining DEFENDANTS and any and all persons acting in concert with them from engaging in each of the unlawful practices and policies set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

section 17200, *et seq.*, of the California Business and Professions Code;

9.  For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.


Dated: October 10, 2023                                     **CROSNER LEGAL, PC**

                                          By:  ___*/s/ Zachary M. Crosner*___
                                                Zachary M. Crosner, Esq.
                                                Attorneys for Plaintiff
                                                BENSON PAI


## DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury on all claims so triable.


Dated: October 10, 2023                                     **CROSNER LEGAL, PC**

                                          By:  ___*/s/ Zachary M. Crosner*___
                                                Zachary M. Crosner
                                                Attorneys for Plaintiff
                                                BENSON PAI

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Karen L. Wallace, hereby certify that on October 10, 2023, I electronically filed Plaintiff's FIRST AMENDED CLASS ACTION COMPLAINT with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to counsel of record.

*/s/Karen L. Wallace*
Karen L. Wallace
Attorney for Plaintiff
BENSON PAI

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL